FILED

2017 Apr-25  PM 04:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| COLORMASTERS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | 4:17-CV-561-VEH |
| | ) | |
| RESEARCH SOLUTIONS | ) | |
| GROUP INC., et al., | ) | **OPPOSED** |
| | ) | |
| Defendants. | ) | |

---

## MOTION TO REMAND AND BRIEF IN SUPPORT

---

Plaintiff Colormasters, LLC ("Colormasters") moves the Court to remand this action to the Circuit Court of Marshall County, Alabama. This Court lacks subject matter jurisdiction over this case involving allegations that Defendant Research Solutions Group, Inc.—an Alabama corporation—breached implied warranties and was negligent in providing Colormasters—a limited liability company with Alabama members—with industrial solvents that caused or contributed to profound failures in and substantial damages to Colormasters' business operations. Diversity of citizenship between the parties simply does not exist here. Despite Colormasters' discrete allegations against Research Solutions, the Removing Defendants somehow claim that Research Solutions was

fraudulently joined—and thus its citizenship for purposes of diversity should be ignored—based in part on the unsupported contention that "Colormasters cannot prove, and does not even allege, a cause of action against the Research Solutions, and/or Research Solutions clearly has no 'real connection' to the claims against [the Removing Defendants]." Doc. No. 1, ¶ 22.

Whether Colormasters will ultimately prevail on its claims against Research Solutions is not the proper legal analysis in the context of a motion to remand, and the issue ultimately is one for the Circuit Court of Marshall County to decide. For now, the Removing Defendants have asked this Court to exercise its limited jurisdiction based on threadbare, "because I said so" conclusions—not the clear and convincing evidence required for this Court to ignore the citizenship of Research Solutions for purposes of diversity. To be sure, the Removing Defendants' Notice of Removal and supporting materials fall woefully short of meeting their heavy burden of establishing that Research Solutions was fraudulently joined.

A simple reading of Colormasters' Complaint makes this Court's lack of subject matter jurisdiction clear. This case is due to be remanded to the Circuit Court of Marshall County, Alabama.

**Table of Contents**

I. Background ........................................................................................ 3

II. Legal Authorities and Argument ..................................................... 6

    A. Allegations of the Complaint ...................................................... 8

        1. Claims Against the Removing Defendants .............................. 8

        2. Claims Against the Non-Diverse Defendant............................ 9

    B. Flint Ink and American Ink Have Not Met Their Burden of
       Showing that There is "No Possibility of a Cause of Action"
       Against Research Solutions......................................................... 11

    C. Colormasters Has Alleged Alternative Liability Against Research
       Solutions and the Claims Are Closely Related to the Claims Against
       American Ink and Flint Ink ....................................................... 17

    D. Joinder Was Proper and This Case Must Be Remanded............................ 18

III. Conclusion........................................................................................ 18

Case 4:17-cv-00561-VEH   Document 22   Filed 04/25/17   Page 4 of 22

# I. <u>Background</u>

Colormasters manufactures flexible packaging and film including packaging and film with printing. The printing requires the use of ink products. Colormasters purchases the ink from outside vendors. In 2015-2016, the outside vendors included American Ink and, later, Flint Ink. The necessary components in ink supplied by American Ink and Flint Ink are the ink itself (comprised of pigment and a vehicle that makes the pigment liquid) and solvent. Both American Ink and Flint Ink specified the solvents they needed. Colormasters then purchased the solvents from Research Solutions. The purchased solvents were then made available to American Ink and later to Flint Ink, which used the solvents to batch ink products for sale to and use by Colormasters.

In April 2016, Colormasters began receiving complaints from one of its largest customers that the white ink on the flexible packaging was yellowing. (Doc. 1-1 at ¶9).[1] Other problems soon ensued, including ink buildup on the rollers as the packaging film was sent through the shrink tunnels where the packaging becomes a form of "shrink wrap" for packages of bottled water. (Doc. 1-1 at ¶9). American Ink was promptly notified and the problem was determined

---

[1]     In the context of "fraudulent joinder" analysis, the allegations of the complaint as supplemented by affidavits or other evidence are accepted as true. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

to be with the ink, vehicle or other components.  Solvents provided by Research Solutions were also alleged to be a factor in the ink failures. (Doc. 1-1 at ¶9).

Absopure eventually made a claim against Colormasters, which was settled for approximately $1.4 million. (Doc. 1-1 at ¶10). This financial settlement was a reasonable business decision under the circumstances.  As a further result of the ink problems, Absopure began to decrease the share of its business that it formerly gave to Colormasters. Absopure has given that business to one or more competitors of Colormasters.  (Doc. 1-1 at ¶10).

In May 2016, Flint Ink purchased or acquired American Ink. (Doc. 1-1 at ¶12).  Flint Ink took over the supply of ink to Colormasters. (Doc. 1-1 at ¶13). As did American Ink, Flint Ink used solvents provided by defendant Research Solutions to try to achieve proper viscosities with Flint inks. Flint Ink was responsible for proper use of the solvents in "batching" the final ink products supplied to Colormasters. (Doc. 1-1 at ¶14).  As was true with American Ink, Research Solutions was responsible for providing good and merchantable solvents suitable for the purposes of batching inks for use by Colormasters. (Doc. 2, at ¶14).

The ink products supplied by American Ink's successor, Flint Ink, have also failed in certain applications, and have caused substantial problems at Colormasters' Medlock, Smith Road and other facilities, as well as continued problems with Colormasters' customers, including but not limited to Niagara,

4

Silver Springs Bottled Water Co., and Absopure. (Doc. 1-1 at ¶15).  As with the defective American Inks ink products, Colormasters has incurred substantial damages as a result. (Doc. 1-1, ¶¶9-10,15-16).

To be sure, the print on the plastic film is comprised of only two components – ink (which includes both pigment and vehicle) and solvent. (Doc. 1-1, ¶61).  As a result, the defects complained of by Colormasters' customers are caused either by the ink purchased from American Ink and Flint Ink or the solvent purchased from Research Solutions, or both. (*See* Vera Faustin Decl., Ex. A).

Colormasters filed this lawsuit on February 28, 2017, in the Circuit Court of Marshall County, Alabama, stating claims against Research Solutions, American Ink, and Flint Ink.  There is a lack of complete diversity among the parties, as Colormasters has members who are citizens of the State of Alabama and Research Solutions is an Alabama corporation with its principal place of business in the State of Alabama.

On April 7, 2017, American Ink and Flint Ink removed this lawsuit to federal court, alleging that Research Solutions was "fraudulently joined" and that its citizenship should be disregarded for purposes of determining diversity

jurisdiction.[2] Colormasters denies that there is any fraudulent joinder and therefore moves to remand.

## II. Legal Authorities and Argument

The gist of the Removing Defendants' argument is that: (1) Colormasters failed to state a claim against Research Solutions; and, (2) the facts do not support any claim against Research Solutions in any event. The first premise is not true.[3] The second premise is contested, and, in any event, is an inquiry or analysis this Court cannot make in considering Plaintiff's Motion to Remand.

A removing defendant must establish the propriety of removal under 28 U.S.C. § 1441 and, therefore, must demonstrate the existence of federal jurisdiction. *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal."); *City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). This burden

---

[2]    The removal was facially deficient because Colormasters is a limited liability company and Removing Defendants failed to identify Colormasters' members or their citizenship. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218 (11th Cir. 2017).

[3]    The very law firm that removed this case on the false basis that Colormasters "failed to state a cause of action against Research Solutions" was cautioned just last month about the citizenship of limited liability companies in the context of federal diversity jurisdiction. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218 (11th Cir. 2017).

applies equally in the context of a motion to remand. *See Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009) ("On a motion to remand, the removing party bears the burden of showing the existence of federal subject matter jurisdiction.").

Here, Flint Ink and American Ink have failed to establish complete diversity of citizenship, even if the presence of Research Solutions were disregarded. In paragraph 12 of the Notice of Removal (Doc. 1), Flint Ink and American Ink allege:

> 12.  Plaintiff Colormasters is incorporated under the laws of the state of Alabama and its principal place of business is located in Albertville, Marshall County, Alabama. Therefore, it is a citizen of the state of Alabama only.

This allegation ignores the legal standard for determining the citizenship of a limited liability company such as Colormasters, LLC. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218 (11th Cir. 2017) (noting that for diversity jurisdiction purposes, a limited liability company is a citizen of every state in which any of its members is a citizen, but reversing sanctions against the law firms and lawyers involved). The Court noted this defect on its own initiative. (Doc. 4). By failing to plead facts essential to establishing federal jurisdiction, the Notice of Removal is defective and the lawsuit is subject to remand on this basis, alone.

Even putting aside this defect in the Notice of Removal, this lawsuit still must be remanded because the resident defendant, Research Solutions, has not

been "fraudulently joined." Under Eleventh Circuit precedent, in order to establish "fraudulent joinder" removing defendants bear the burden of establishing one of three things: (1) there is no possibility of a cause of action against the resident defendant; (2) outright fraud in pleading jurisdictional facts; or (3) there is no "joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F. 3d 1284, 1287 (11th Cir. 1998). The Removing Defendants do not allege "outright fraud in pleading jurisdictional facts" but instead rely upon Factors (1) and (3). Flint Ink and American Ink are wrong, and this case must be remanded.

A.      **Allegations of the Complaint**

**1. Claims Against The Removing Defendants.**

Colormasters has alleged cognizable Alabama state court claims against all Defendants, including the non-diverse Defendant Research Solutions. Colormasters has alleged that the Defendants American Ink and Flint Ink are liable to Colormasters for breach of contract because Defendants failed to provide ink products per their agreements with Colormasters. (Doc. 1-1, Counts One and Five). Colormasters has alleged claims of negligence (Doc. 2, Counts Two and Six) and wantonness (Doc. 1-1, Counts Three and Seven) against American Ink and Flint Ink, asserting that the Defendants negligently and/or wantonly failed to

8

provide good and merchantable ink products that were suitable for the particular purposes and applications required by Colormasters and its customers. Colormasters has further alleged that American Ink and Flint Ink breached warranties made to Colormasters that the inks supplied were of good and merchantable quality and were fit for the particular purposes intended or required by Colormasters and its customers. (Doc. 1-1, Counts Four and Eight).

Colormasters also alleges that Flint Ink is liable to Colormasters for fraudulent and or negligent misrepresentation. (Doc. 1-1, Counts Nine and Ten). In those Counts, Colormasters pleads that Flint represented to Colormasters that Flint would warrant, stand behind and be responsible and liable for damages suffered by Colormasters resulting from inks purchased by Colormasters from American Ink. *Id.* Flint further represented to Colormasters that Flint had the knowledge, products, personnel, and expertise to provide Colormasters with inks that would satisfactorily perform and meet the requirements and applications of Colormasters and its customers. *Id.* Colormasters pleaded that Flint's representations were false when made, and were made negligently, recklessly, or with willful and reckless disregard of the veracity of the representations. *Id.*

**2. Claims Against The Non-Diverse Defendant**.

As noted above, Colormasters manufactures film that is printed for sale to Colormasters' customers. The film print is comprised of ink and solvent.

Colormasters also has alleged various and alternative liability theories against Defendant Research Solutions. Colormasters has pleaded with specificity that, to the extent the ink failures which form the basis of Colormasters' claims are not solely the fault and responsibility of American Ink and Flint, then the ink failures are attributable to solvents provided by Research Solutions. (Doc. 1-1, Counts Eleven and Twelve).   Colormasters states two theories of recovery against Research Solutions, one count for breach of implied warranty of fitness for particular purpose (Doc. 1-1, Count Eleven) and one count for negligence. (Doc. 1-1, Count Twelve). Both claims are cognizable theories of recovery under Alabama law.

Colormasters has alleged that Defendant Research Solutions knew of the particular purpose for which its solvents were required for use by Colormasters, and that Colormasters was relying on the skill and judgment of Research Solutions to provide the correct solvents. (Doc.1-1, Count Eleven).  Colormasters has further alleged that Research Solutions impliedly warranted that the solvents provided were fit for the particular purpose of making ink products that would perform satisfactorily and in a good and merchantable manner in the uses and applications of Colormasters and/or its customers. *Id.*  And Colormasters alleges (again, to the extent that the ink failures described above are not solely the fault and responsibility of American Ink and Flint Ink) that the relevant ink failures are

attributable to breach of warranties owed to Colormasters by Research Solutions. *Id.*

Colormasters has also pleaded that Research Solutions is guilty of negligence. (Doc. 1-1, Count Twelve).  Research Solutions provided solvents to Colormasters that Research Solutions knew were intended for use in inks used by and in the business of Colormasters. *Id.*  Research Solutions knew that the makeup and composition of the inks is critical to the business of Colormasters, and that the solvents provided by Research Solutions were a necessary and critical component in that process. *Id.*  As a result, Research Solutions owed a duty to provide only high quality solvents meeting the specifications required. *Id.*  Again, Colormasters pleaded in the alternative that if the ink failures were not the sole fault of American Ink and Flint Ink, then the ink failures are attributable to Research Solutions' negligence. *Id.*

**B.**  **Flint Ink and American Ink Have Not Met Their Burden of Showing That There Is "No Possibility of a Cause of Action" Against Research Solutions.**

Eleventh Circuit precedent dictates that the removing defendants must show "by clear and convincing evidence" that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).  "This burden is a heavy one." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011)

11

(citation and internal quotation marks omitted).  "If there is even a **possibility** that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Triggs*, 154 F.3d at 1287 (emphasis added).

"In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *Pacheco de Perez v. AT& T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998); *see also Stillwell*, 663 F.3d at 1333 (similar).  For fraudulent joinder to be rejected as a basis for diversity jurisdiction, "all that is necessary is for the Court to find . . . that [the removing defendant] has failed to make a clear and convincing showing that no Alabama court could deem [plaintiff's] complaint against the non-diverse defendants sufficient" under Alabama law.  *Ash v. Providence Hosp.*, 2009 WL 424586, *7 (S.D. Ala. Feb. 17, 2009); *see also Brown v. Endo Pharms., Inc.*, 38 F.Supp. 3d 1312 (2014).  Removing Defendants have not met this heavy burden.

Under Eleventh Circuit precedent, the "fraudulent joinder analysis is not confined to the pleadings, but may also encompass any affidavits and deposition transcripts submitted by the parties." *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005).  However, the analysis is not a merits focused evaluation of evidence but is much more limited. The Court must construe the pleadings as buttressed by

12

supporting affidavits and decide whether the defendants have shown by clear and convincing evidence that no Alabama court could find the plaintiff's complaint is "sufficient to invoke claims" under Alabama law. *Triggs*, 154 F.3d at 1287 ("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a <u>possibility</u> of stating a valid cause of action in order for the joinder to be legitimate.") (emphasis in original); *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997) ("[A]fter drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be a reasonable basis for predicting that the state law *might* impose liability on the facts involved.") (internal quotations omitted).

In this analysis, allegations of the pleadings are to be taken as true, whether alone or as may be supplemented by any affidavits, and a court may not step beyond the threshold jurisdictional inquiry and wade into the merits. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995) ("[I]n testing for fraudulent joinder the district court in its discretion may pierce the pleadings, albeit in so doing the court should not conduct an evidentiary hearing but, based on appropriate documentation <u>in addition to the pleadings</u>, should instead resolve all disputed questions of fact in favor of the plaintiff.") (emphasis added); *Atwood v. Weyerhaeuser USA, Inc.*, Civil Action No. 09-0379-CG-N, 2010 WL 749337, at *5 (S.D. Ala. Feb. 26, 2010).

As this Court observed in *Collins v. Marten Transport, Ltd.*, 2014 WL 972245 (N.D. Ala. March 12, 2014), this Court cannot undertake "a merits-focused evaluation of the evidence when deciding contested matters of fraudulent joinder." In other words, in determining whether a plaintiff has a possibility of stating a viable claim against the resident defendant, the district court is not to delve into the merits or weight of evidence, but instead must resolve both the pleaded facts and any extrinsic evidence in favor of the non-removing plaintiff.  Having done so, if there is any *possibility* that the plaintiff may state a valid cause of action, the case must be remanded. *Triggs*, 154 F.3d at 1287.

Here, Colormasters has brought suit against all defendants, asserting claims resulting from problems experienced with the printing on flexible packaging.  The printing was accomplished using ink products produced by American Ink and Flint Ink and solvents from Research Solutions.  Colormasters has reasonable grounds for asserting claims against each and all of Research Solutions, American Ink, and Flint Ink.  Indeed, Colormasters alleges that Research Solutions was aware of the specific uses for which the solvents were intended, that Research Solutions warranted the solvents for such purposes, and to the extent that the ink failures were not the responsibility of American Ink and Flint Ink, they were the fault of Research Solutions in providing solvents that breached implied warranties of fitness for a particular purpose. *See* Doc. 1-1, ¶¶ 61-65.  Colormasters also alleges

14

that Research Solutions was negligent with respect to the solvents it supplied. *See* Doc. 1-1, ¶¶ 69-72. These allegations are sufficient, under Alabama law, to state causes of action against Research Solutions.[4]

But it does not stop there. Colormasters has also submitted the Declaration of Vera Faustin (Ex. A) and the Declaration of Dennis Hicks (Ex. B). These declarations establish that, prior to this lawsuit being filed, while the parties were still investigating the ink failures, both Flint Ink and American Ink blamed or suggested that the solvents from Research Solutions were or might be at fault. *See* Exs. A and B. When the pleadings—which by themselves are sufficient—are augmented by these declarations, there undoubtedly exists "a possibility that a state court would find that the complaint states a cause of action" against Research Solutions, the resident defendant. *Triggs*, 154 F.3d at 1287.

It is not within this Court's purview to untangle the disputed facts surrounding the solvent's contribution to the ink defects. *See Collins* at *4. Rather, this Court must look to Alabama's notice pleading standard to determine if a colorable claim has been stated. That standard is met if the "claim for relief gives to the opponent fair notice of the pleader's claim and the grounds upon which it rests," and the complaint cannot be dismissed if it contains "even a generalized

---

[4]     Were it otherwise, Research Solutions presumably would have filed a motion to dismiss, but it instead answered the complaint on April 21, 2017. *See* Doc. No. 18.

statement of facts which will support a claim for relief." *Liberty Nat'l Life Ins. Co. v. Univ. of Alabama Health Servs. Foundation, P.C.*, 881 So. 2d 1013, 1017 (Ala. 2003); *McKelvin v. Smith*, 85 So.3d 386, 389 (Ala. Civ. App. 2010) (internal citations omitted).   And in any event, that the facts may indeed be disputed supports remand rather than removal. When applying the notice pleading standard, factual allegations must be viewed in the light ***most favorable to the plaintiff***, and any uncertainties about the applicable law must be resolved in the plaintiff's favor. *Crowe*, 113 F.3d at 1538 (11th Cir. 1997) ("[F]ederal courts are not to weigh the merits of a plaintiff's claims beyond determining whether it is an arguable one under state law."). That is, a removal based upon alleged fraudulent joinder must fail if even one claim could possibly state a valid cause of action against even one resident defendant. *Stillwell v. v. Allstate Ins. Co.*, 663 F.3d 1329, 1332-33 (11th Cir. 2011). *Henderson v. Washington Nat. Ins. Co.*, as cited in support of Defendants' Notice of Removal at ¶ 8, is instructive on this point: "Our task is not to gauge the sufficiency of the pleadings in this case. Our inquiry is more basic: we must decide whether the defendants have proven by clear and convincing evidence that no Alabama court could find this complaint sufficient . . . ." 454 F.3d at 1284.

Flint Ink and American Ink have failed to carry their heavy burden of establishing clear and convincing evidence of fraudulent joinder, and this case is due to be remanded. In fact, given that Flint Ink's own employees asserted that the

ink failures were or might be attributable to the solvents, this removal never should have occurred.[5]

### C. Colormasters Has Alleged Alternative Liability Against Research Solutions and the Claims Are Closely Related To the Claims Against American Ink and Flint Ink

Nor can Flint Ink or American Ink carry their burden of proving by clear and convincing evidence that Colormasters has not pleaded "joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs*, 154 F.3d at 1287. The claims are related because they all are based upon the ink failures, with ink made from the combined products of Flint Ink, American Ink, and Research Solutions. Alternative liability has been pleaded expressly in the complaint:

> 65. To the extent that the ink failures described above are not solely the fault and responsibility of AIC and Flint, the ink failures are attributable to breach of warranties owed to Colormasters by Research Group.

> 71. To the extent that the ink failures described above are not solely the fault and responsibility of AIC and Flint, the ink failures are attributable to breach of duty owed to Colormasters and negligence on the part of Research Group.

---

[5] The lack of good faith basis for the removal is underscored by false allegations in the Notice of Removal such as, "Colormasters cannot prove, and does not even allege, a cause of action against Research Solutions." *See* Doc. 1, ¶ 22 (emphasis added). Counts Eleven and Twelve allege express causes of action against Research Solutions (*see* Doc. 1-1, ¶¶ 61-72). Counsel for Colormasters pointed this out to counsel for Flint Ink to allow them to "self-correct" this error (*see* Ex. C), but counsel for Flint declined to do so.

*See* Doc. 1-1, ¶¶ 65, 71.   This is precisely the type of "alternative" liability contemplated under *Triggs*, and this case should be remanded to state court.

**D.    Joinder Was Proper and This Case Must Be Remanded**

The resident defendant, Research Solutions, was properly joined in this case. *See* FED. R. CIV. P. 20(a)(2) (The plaintiff may join multiple parties as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any questions of law or fact common to all defendants will arise in the action.")  In turn, if joinder is appropriate under Rule 20 of the Federal Rules of Civil Procedure, joinder is not fraudulent. *Phillips v. R.R. Dawson Bridge Company, LLC*, 2:14-cv-00480-LSC (N.D. Ala. 2014); *Brooks v. Paulk & Cope, Inc.*, 176 F.Supp. 2d 1270, 1274 (M.D. Ala. 2001).

Here, Colormasters has plainly alleged alternative liability of Research Solutions. *See* Doc. 1-1, ¶¶ 65, 71.  Research Solutions is a properly joined defendant and, consequently, this case is due to be remanded because there is no diversity of citizenship between the parties.

### III. Conclusion

For the foregoing reasons, this case is due to be remanded to the Circuit Court of Marshall County, Alabama.

Respectfully submitted this 25th day of April 2017.

s/E. Glenn Waldrop, Jr.
One of the Attorneys for Plaintiff,
Colormasters, LLC

OF COUNSEL:
E. Glenn Waldrop, Jr. (WALDG7740)
ASB-7740-d63e
gwaldrop@lightfootlaw.com
Wesley B. Gilchrist (GILCW4083)
ASB-4083-e43g
wgilchrist@lightfootlaw.com
Christopher C. Yearout (YEARC8053)
ASB-8053-s82y
cyearout@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL  35203-3200
(205) 581-0700
(205) 581-0799 (Facsimile)

E. Allen Dodd, Jr.
Eric Brisendine
Scruggs, Dodd & Dodd Attorneys, P.A.
Post Office Box 681109
Fort Payne, AL  35968-1109
(256) 845-5932
eadscruggs@farmerstel.com
jebscruggs@farmerstel.com

Rodney Edmondson, Esq.
McLaughlin & Edmondson, LLC
321 Blount Avenue
Guntersville, AL  35976
(256) 582-2520
rodney@mcedlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 25<u>th</u> day of <u>April</u>, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

K. Phillip Luke, Esq.
Whitaker, Mudd, Luke & Wells, LLC
2011 4<u>th</u> Avenue North
Birmingham, AL  35203
205-639-5300
205-639-5350 – facsimile
<u>pluke@wmslawfirm.com</u>

John C. Morrow, Esq.
Matthew D. Centeno, Esq.
Burr & Forman LLP
420 20<u>th</u> Street North
Suite 3400
Birmingham, AL 35203
(205) 251-3000
<u>jmorrow@burr.com</u>
<u>mcenteno@burr.com</u>

John E. Benko, Esq.
Michael G. Latiff, Esq.
David W. Schelberg, Esq.
McDonald Hopkins, PLC
39533 Woodward Avenue
Suite 318
Bloomfield Hills, MI  48304
(248) 646-5070
<u>jbenko@mcdonaldhopkins.com</u>
<u>mlatiff@mcdonaldhopkins.com</u>
<u>dschelberg@mcdonaldhopkins.com</u>

A. Joe Peddy, Esq.
Robert B. Stewart, Esq.
Smith, Spires, Peddy, Hamilton & Coleman, P.C.

20

2015 2nd Avenue North, Suite 200
Birmingham, AL  35203
(205) 547-2034
joe@ssp-law.com
rob@ssp-law.com


Respectfully submitted,


s/E. Glenn Waldrop, Jr.

21